ADAM HENDERSON, Appellant. *v.* KNICKERBOCKER ICE COMPANY, Respondent.

*N. Y. Supreme Court, First Department, General Term, May* 24, 1889.

1. *Negligence. Drivers of Vehicles.*—The drivers of vehicles must use reasonable deligence not to injure passengers upon the streets; but they have no reasons to suppose that persons will, when they see that a vehicle is about to start, place themselves beneath its wheels.

2. *Same.*—No negligence can be imputed to the persons in charge of an ice wagon, where both the driver and helper look on both sides of the wagon before starting, and the helper, seeing no one in the vicinity, gives the word to go on, but between the word and starting a child runs to the wagon, steps between the wheels and is killed; and the complaint is properly dismissed.

Appeal from a judgment entered on dismissal of the complaint.

*W. A. Coursen*, for appellant.

*Michael M. Forrest*, for respondent.

VAN BRUNT, P. J.—This action was brought to recover damages resulting in the death of the plaintiff's intestate. The facts established upon the trial seem to be as follows:

The plaintiff's intestate, a child about seven or eight years of age, was playing with other children on the sidewalk in 109th street, between Third and Lexington avenue, in August, 1888. At the same time an ice wagon was standing in the street near to where the children were

playing, in charge of an employee 'of the defendant. The driver and a third employee were delivering ice to customers in houses on that street. He came from the house, put his ice tongs in the back of his wagon, and then went between the wagon and the sidewalk to his seat on the front of the wagon.

The third employee came from the house and went to his place' on the back step, and looking first on one side of the wagon and then on the other, he called out to the driver, " All right." At this time the children were playing on the middle of the sidewalk, between the wagon and the houses. The driver then took the reins from the person sitting beside him and started his horses. At this moment the plaintiff's intestate ran from the place where she was playing on the sidewalk, stepped off the curb and down between the wheels of the wagon, the hind wheel knocking her down and causing injuries which resulted in her death. The street was clear, there was no confusion and there were no people there, except the men in charge of the wagon, and the children. The child was not anywhere near the wagon at the time the driver got on the wagon, and after the driver was getting ready to start—after the helper had said " All right "—the child ran to the wagon, stepped between the wheels and was killed.

Upon this state of facts the court dismissed the complaint upon the ground that there was no negligence shown in the defendant's servants. We fail to see any negligence whatever. They certainly did all that reasonable persons could do for the purpose of avoiding accident. They had no reason to suppose that, at the moment of starting the wagon the child would run in between the wheels, and thus be killed. The accident appears to have been caused entirely by the heedlessness of the child. Certainly, the persons in charge of the wagon had no reason to suppose, with this wagon standing in the middle of the street, and these children upon the middle of the sidewalk, that upon the

eve of starting the wagon one of these children would put itself under the wagon in a place of danger.

If the defendant is to be held liable, then it must be necessary for every person driving a vehicle through the streets of the city to have a cordon of watchmen around every part and parcel of the vehicle, and they must anticipate that at every foot of their passage somebody will put themselves underneath their wheels.

We do not think any such extreme degree of vigilance is necessary. The drivers of vehicles must use reasonable diligence, not to injure passengers upon the streets; but they have no reason to suppose that persons will, when they see that a vehicle is about to start, place themselves beneath its wheels.

The claim is made that the driver knew that these children were about, and that they were possibly in danger. This is clearly unsupported by the evidence. Upon the contrary he had good reason to suppose that they were entirely out of danger, the wagon being in the middle of the street and the children in the middle of the sidewalk. Instead of negligence being shown by the evidence in this case upon the part of the persons in charge of the ice wagon, it seems to us that extreme diligence and care was exhibited by them in that both the driver and the helper were shown to have looked upon both sides of the wagon before starting; and it was only after the helper had looked on both sides to see that no children were in the vicinity, that word was given to the driver to go on, and he went on.

The dismissal of the complaint seems to have been right, and the judgment should be affirmed, with costs.

BARTLETT, J., concurs.